UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAVIS HEFFLEY,

              Plaintiff,

-against-

FEDERAL BUREAU OF PRISONS,

              Defendant.

17-CV-5518 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated at F.C.I. Otisville, filed this *pro se* action alleging forcible medication and inadequate medical care claims against the Federal Bureau of Prisons ("BOP"). On January 3, 2018, the Court directed Plaintiff to file an amended complaint within sixty days. That order specified that failure to comply would result in the dismissal of this complaint for failure to state a claim upon which relief may be granted. Instead of submitting an amended complaint as directed, on February 5, 2018, Plaintiff submitted a letter requesting to be released from custody and a sheaf of documents relating to his medical care and administrative claims. (ECF Nos. 8 and 9.) After reviewing Plaintiff's submissions, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

      Plaintiff asserted in his initial complaint that he has been forcibly medicated and denied adequate medical care at multiple federal facilities for several years. In particular, he asserted that his penis and the areas around it were altered at some point, causing numbness, discoloration, size reduction, difficulty urinating, inability to maintain an erection for more than a few seconds, severe pain because of blocked blood flow, and other problems. Plaintiff alleged that he received inadequate medical care for his penile issues. Plaintiff also submitted to the

Court a supplemental statement and documents to support his claims, asserting that although he signed papers refusing treatment, he has been given medications without his consent. Plaintiff further claimed to have sought informal resolutions and other administrative remedies during his incarceration, only to be told that he has not been forcefully medicated. Plaintiff brought this action to stop the forcible medication, get medical care for the issues with his penis, and be compensated for his mental anguish and the long-term effects of the alleged violations.

In the January 3, 2018 order, the Court construed Plaintiff's assertions against the BOP as claims under the Federal Torts Claims Act (FTCA), and directed Plaintiff to amend the complaint to set forth facts indicating whether he fully exhausted his administrative remedies as required before commencing this action. Because Plaintiff's allegations suggested that his constitutional rights were violated by employees of the federal government, the Court also construed the complaint as asserting inadequate medical care and forced medication claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court directed Plaintiff, should he file an amended complaint, to state any facts suggesting that the problems with his penis constituted an objectively serious medical condition and that individuals named as defendants were deliberately indifferent to his medical needs. With respect to Plaintiff's claim that he had been forcibly medicated, the Court also instructed him to assert any facts showing that individuals subjected him to unwanted medical treatment without a finding of medical necessity. In particular, Plaintiff was directed to provide facts on how surgical procedures occurred without his knowledge or how he ingested or was injected with medications without his knowledge or consent.

Seemingly in response to the Court's order, on February 5, 2018, Plaintiff submitted the aforementioned letter requesting release from custody and a second package with papers relating to his medical care and his efforts to obtain administrative remedies.

## DISCUSSION

Because Plaintiff failed to submit an amended complaint as directed, this action is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The letter and documents, which Plaintiff apparently submitted in response to the Court's January 3, 2018 order to amend, do not address the deficiencies that were identified and cannot be construed as an amended complaint. The Court cannot consider Plaintiff's letter request to be released from custody in this civil action, as such a claim must be addressed in a petition for a writ of *habeas corpus* or a motion under 28 U.S.C. § 2255.[1] *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). Further, Plaintiff's documents largely consist of medical papers and administrative proceedings about his access to sick call, with many of the incidents occurring after the filing of this action. The package of papers also includes Warden von Blanckensee's July 24, 2014 decision in response to Plaintiff's Administrative Remedy Request concerning his penile problems, but he previously submitted this same document in his supplemental pleading. Plaintiff also submits several notices rejecting his appeals of the Warden's decisions on various grounds, again indicating that he has failed to fully exhaust his

---

[1] Plaintiff may challenge the legality of his federal conviction or sentence under which he is confined in a motion under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence.").

administrative remedies for a viable FTCA claim. Even under the most liberal construction, Plaintiff's submissions cannot be considered an amended complaint, as he fails to provide a statement of claim or even address in the most rudimentary manner the January 3, 2018 order to amend. The Court, therefore, dismisses this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's submissions cannot be cured with another amendment, the Court declines to grant Plaintiff leave to amend his complaint for a second time.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 22, 2018
         New York, New York

                                                _____
                                                COLLEEN McMAHON
                                                Chief United States District Judge